UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

JILLIAN MAY SPANULO,

    Plaintiff,

v.

THE WOODEN SPOON CORPORATION,
a Florida corporation, d/b/a The Wooden
Spoon and also as The Wreck Galley and
Grill, TIMOTHY LANGDON, and
ELIZABETH LANGDON,

    Defendants,
_____/ **COMPLAINT**

Plaintiff, Jillian May Spanulo, files this action against defendants, The Wooden Spoon Corporation, d/b/a The Wooden Spoon and also as The Wreck Galley and Grill, Timothy Langdon and Elizabeth Langdon, and she says:

### Introduction

1. Plaintiff brings this action for unpaid overtime and minimum wage compensation, interest, liquidated damages, and attorney's fees and costs pursuant to the Fair Labor Standards Act, ("FLSA"), and the Florida Minimum Wage Act ("FMWA"), §448.110, Fla. Stat.

### Jurisdiction

2. Jurisdiction of this action is conferred upon the court by section 16 (b) of the Act (29 U.S.C. §216 (b)), and by the provisions of 28 U.S.C.A. § 1337, relating to any civil action or proceeding arising under any Act of Congress regulating commerce, and supplemental jurisdiction under 28 U.S.C. §1367 over Plaintiff's state claim because it is so related to the

claims within the Court's original jurisdiction that they form part of the same case and controversy under Article 3 of the U.S. Constitution.

3. All acts or omissions giving rise to this dispute took place in Monroe County, Florida.

## Defendants

4. Defendant, The Wooden Spoon Corporation, is a Florida corporation which operates two restaurants in Monroe County, Florida.

5. Defendant, The Wooden Spoon Corporation, operates a restaurant known as The Wooden Spoon located at 7007 Overseas Highway, Marathon, Florida, and another restaurant known as The Wreck Galley and Grill located at 58835 Overseas Highway, Marathon, Florida.

6. Defendant, The Wooden Spoon Corporation, has two or more individuals engaged in commerce or the production of goods for commerce, or individuals handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and it did and does an annual gross volume of sales or business done in excess of $500,000.

7. Defendant, Timothy Langdon, is an officer of The Wooden Spoon Corporation who acts directly or indirectly in its interest in relation to its employees, including the plaintiff.

8. Defendant, Elizabeth Langdon, is an officer of The Wooden Spoon Corporation who acts directly or indirectly in its interest in relation to its employees, including the plaintiff.

9. The defendants are employers under Section 3(d) of the FLSA and under the FMWA.

10. Defendants failed to keep records of the hours that Plaintiff worked each day.

11. Defendants failed to post any notice to its employees pertaining to the minimum wage and overtime provisions of the Act.

## Plaintiff

12. Plaintiff is an individual residing in Monroe County, Florida.

13. Plaintiff was employed by the defendants as a bartender and a server (commonly known as a waitress) from about July 15, 2014 through January 7, 2015.

14. As a bartender at The Wreck Galley and Grill Defendants paid Plaintiff $5.00 an hour and she kept tips.

15. Defendants failed to provide the Plaintiff the required information in order to use the tip credit under the FLSA.

16. As a server at The Wreck Galley and Grill, Defendants paid Plaintiff $3.00 an hour and she kept tips.

17. As a server at Wooden Spoon, Plaintiff was paid $15 per seven (7) hour shift and she kept tips.

18. Plaintiff engaged in commerce or the production of goods for commerce within the meaning of Sections 3(b) and (j), respectively, of the FLSA.

## Count 1 -- Overtime Pay Violation

19. Defendants willfully employed Plaintiff for many workweeks longer than 40 hours, and failed and refused to compensate her for the hours she worked in excess of 40 hours at rates not less than one and one-half times the regular rates at which she was employed, contrary to the provisions of Section 7(a) of the FLSA.

20. As a result of the under payments of overtime compensation alleged above, Defendants are indebted to Plaintiff in the amount of the unpaid overtime compensation, prejudgment interest and an additional equal amount of unpaid overtime compensation as liquidated damages.

21. By reason of Defendants' refusal to pay the unpaid overtime due to Plaintiff she had to employ legal counsel to prosecute this cause.

    WHEREFORE, Plaintiff respectfully demands

    a.  Unpaid overtime pay;

    b.  Liquidated damages in an amount equal to the of unpaid overtime pay;

    c.  Prejudgment interest in the event liquidated damages are not awarded;

    d.  Reasonable attorney fees pursuant to the FLSA,

    e.  Court costs, witness fees and other miscellaneous costs of the litigation pursuant to the FLSA; and

    f.  Any other relief that this court finds will reasonable under the circumstances.

## Count 2 -- FLSA Minimum Wage Violation

22. Defendants willfully employed Plaintiff for many workweeks where they failed and refused to compensate her for the hours she worked at the Federal statutory minimum wage in violation of the Section (6) of the FLSA.

23. Defendants paid Plaintiff less than the tipped employee minimum wage under Federal law, and/or also failed to advise her the required information in order to take the tip credit for the tips that Plaintiff kept.

24. As a result of the under payments of Florida minimum wages, Defendants are indebted to Plaintiff in the amount of the unpaid minimum wages, prejudgment interest and an additional equal amount of unpaid minimum wages as liquidated damages.

25. By reason of Defendants' refusal to pay the Federal minimum wage due to Plaintiff she had to employ legal counsel to prosecute this cause.

    WHEREFORE, Plaintiff respectfully demands

      a.      Unpaid minimum wages;

      b.      Liquidated damages in an amount equal to the of unpaid minimum wages;

      c.      Prejudgment interest in the event liquidated damages are not awarded;

      d.      Reasonable attorney fees pursuant to the FLSA,

      e.      Court costs, witness fees and other miscellaneous costs of the litigation pursuant to the FLSA; and

      f.      Any other relief that this court finds will reasonable under the circumstances.

### Count 3 - Florida Minimum Wage Violation

26. Defendants willfully employed Plaintiff for many workweeks where they failed and refused to compensate her for the hours she worked at the Florida statutory minimum wage in violation of the FMWA, §448.110(3) and (4), Fla. Stat.

27. Defendants paid Plaintiff less than the tipped employee minimum wage under Florida law, and also failed to advise her the required information in order to take the tip credit for the tips that Plaintiff kept.

28. As a result of the under payments of Florida minimum wages, Defendants are indebted to Plaintiff in the amount of the unpaid minimum wages, prejudgment interest and an additional equal amount of unpaid minimum wages as liquidated damages.

29. Plaintiff satisfied all conditions precedent to bringing this action under Florida Statute §448.110(6).

30. By reason of Defendants' refusal to pay the Florida minimum wage due to Plaintiff she had to employ legal counsel to prosecute this cause.

    WHEREFORE, Plaintiff respectfully demands

      a.      Unpaid minimum wages;

      b.      Liquidated damages in an amount equal to the of unpaid minimum wages;

      c.      Prejudgment interest in the event liquidated damages are not awarded;

      d.      Reasonable attorney fees pursuant to the FMWA,

      e.      Court costs, witness fees and other miscellaneous costs of the litigation pursuant to the FMWA; and

      f.      Any other relief that this court finds will reasonable under the circumstances.

## Jury Demand

31. Plaintiff demands trial by jury.

Respectfully submitted,

By:   */s/ Paul F. Penichet*
Paul F. Penichet
FBN: 899380
Penichet Law
Co-counsel for Plaintiff
9655 S. Dixie Highway
Suite 310
Miami, Florida 33156
Tel. (305) 373-8809
Fax. (305) 373-8810
Paul@Penichetlaw.com